Citation Nr: 1554537 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 12-04 117 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico



THE ISSUES

1. Entitlement to service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for ischemic heart disease, to include as due to exposure to herbicides. 



ATTORNEY FOR THE BOARD

Eric Struening, Associate Counsel





INTRODUCTION

The appellant is a Veteran who served on active duty from November 1967 to October 1969. These matters are before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the St. Petersburg, Florida Department of Veterans Affairs (VA) Regional Office (RO), that in pertinent part, denied service connection for PTSD and an October 2011 rating decision by the San Juan, Puerto Rico VA RO, that in pertinent part, denied service connection for ischemic heart disease. The Veteran's record is now in the jurisdiction of the San Juan, Puerto Rico RO. A December 2014 decision (by a Veteran's Law Judge other than the undersigned reopened the claim for service connection for PTSD and remanded the case for additional development on both issues. In September 2015, the case was again remanded for development. The case is now assigned to the undersigned. 

By a written statement dated in February 2012, the Veteran revoked representation by the Commonwealth of Puerto Rico Public Advocate for Veterans Affairs; he has not designated another representative, and is assumed to be proceeding pro se. 

Claims of service connection for cerebrovascular accident ("CVA") and its complications and for hypertension were raised in a January 2014 statement, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). They were referred to the AOJ by the Board in December 2012 and in September 2015, but no action appears to have yet been taken. The Board still does not have jurisdiction over them, and they are again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 C.F.R. Parts 3, 19, and 20 (2015)) 

The appeal is being REMANDED to the AOJ. VA will notify the Veteran if action on his part is required.





REMAND

A preliminary review of the record found that while the notice provisions of the VCAA appear to be satisfied, further development is necessary to meet VA's duty to assist the Veteran in developing evidence to substantiate his claims. See 38 C.F.R. § 3.159. 

Regarding the claim of service connection for a psychiatric disability, and specifically PTSD, further development is needed to corroborate his alleged stressor event. He seeks service connection for PTSD based on the stressor events: (a) That he witnessed a soldier blown to bits. (b) A fear of hostile action/terrorist activity. 

The regulatory criteria regarding verification of stressors (see 38 C.F.R. § 3.304(f)) vary based on the nature of the alleged stressor: If a Veteran served in combat, and PTSD is diagnosed based on such stressor, verification of the stressor event is not needed. If the alleged stressor is one of a fear of hostile action/terrorist activity, and the Veteran receives a diagnosis of PTSD based on such stressor by a VA psychologist or psychiatrist (or one contracted by VA), verification of stressor is not necessary if the circumstances of the Veteran's service are consistent with such stressor. Generally, otherwise (with exception not pertinent herein) to substantiate a claim of service connection for PTSD there must be credible corroborating evidence of the alleged stressor event.

In the instant case, the Veteran's military occupation specialty was cook and he did not receive any awards or decorations connoting combat. Furthermore, while the RO has conceded that circumstances of the Veteran's service were consistent with a fear of hostile military or terrorist activity, he has not received a VA provider's diagnosis of PTSD based on such stressor. While a private physician, Dr. Nanette A. Ortiz, indicated in an August 2009 letter, that the Veteran has a diagnosis of PTSD based in part on a fear of hostile military activity, but also on a claimed stressor of witnessing a soldier killed by a rocket attack, Dr. Ortiz is not a VA or a VA-contracted psychologist or psychiatrist. Consequently, credible corroborating evidence of the alleged specific stressor event (of witnessing a soldier blown to bits) that is eminently capable of verification (but verification of which was not completed because the AOJ conceded the stressor of circumstances consistent with a fear of hostile action-which has stricter regulatory requirements for a valid diagnosis) is necessary. Accordingly, a remand for verification of the alleged stressor event is necessary. The Board observes that the Veteran's cooperation (providing details of the alleged stressor) is critical for completion of development in this matter. 

In addition, the April 2015 VA examiner noted the Veteran began receiving VA psychiatric treatment in April 2003 and a September 2009 VA treatment record notes he had a psychiatric hospitalization. While the VA examiner noted records of such treatment/hospitalization were reviewed, the records are not in the Veteran's record before the Board. As they are constructively of record and may contain information pertinent to the matter at hand, they must be secured.

It also appears pertinent private treatment records may be outstanding. Dr. Nanette A. Ortiz has assigned the Veteran a diagnosis of PTSD. While the record does not clearly indicate that Veteran received psychiatric treatment from or evaluation by Dr. Ortiz, presumably the diagnosis was based on an evaluation , and led to appropriate treatment.

Furthermore, on October 2015 VA heart examination, the examiner opined that the Veteran does not have ischemic heart disease "because he has never had a myocardial infarction, no evidence of ischemia in stress test, and no evidence of coronary artery disease [emphasis added]." However, the examiner did not note (and may have overlooked) a July 2008 VA treatment record that notes the Veteran's arrhythmia could be secondary to ischemic heart disease and a September 2010 (for housebound status examination report that indicates he has coronary artery disease (and was awaiting cardiac catheterization).

It also appears that records of the Veteran's treatment for heart disability in the record are incomplete. The available records do not reflect whether he indeed underwent the cardiac catheterization (as was noted to be pending in September 2010). And after all pertinent records are compiled another VA heart examination to determine whether or not the Veteran has ischemic heart disease is necessary.
Finally, there is an untranslated Spanish document among the Veteran's VA treatment records added to the electronic record in September 2015. All documents in Spanish received must be translated and review for relevancy. 

The case is REMANDED for the following:

1. The AOJ should ask the Veteran to identify the provider(s) of any additional (records of which are not already associated with the record) private psychiatric evaluations or treatment he has received, (to include from Dr. Nanette A. Ortiz), and to provide the releases necessary for VA to secure the records of all such evaluations and/or treatment. If he has not received any such additional private evaluations or treatment for psychiatric disability, he should so indicate. The AOJ should secure for the record complete clinical records from all providers identified. If any private records sought are not received pursuant to VA's request, the AOJ should so advise the Veteran, and also advise him that ultimately it is his responsibility to ensure that private treatment records are received. The AOJ should also secure for the record all outstanding, up-dated to the present, records of VA psychiatric and cardiac evaluations and treatment the Veteran has received. The AOJ should arrange for the translation from Spanish to English of the September 17, 2015 VA treatment record, and any additional records received that are in Spanish. The records should be reviewed for relevancy.

2. The AOJ should arrange for exhaustive development to verify the Veteran's account of witnessing a soldier killed (blown to bits) by a rocket attack while he was serving in Vietnam between December 1968 and October 1969. He should be asked to identify the unit in which he was serving at the time; name of the soldier killed (if he knows it); the unit in which the deceased was serving; the location where the event occurred (a base/convoy?); the approximate date (to the greatest degree of specificity possible). The AOJ should forward that information to the JSSRC for verification. The AOJ should then make a formal finding of fact for the record as to whether or not the stressor is corroborated.

3. Thereafter, the AOJ should arrange for the Veteran to be examined by an appropriate psychologist or psychiatrist to determine whether he has a diagnosis of PTSD based on the specific stressor of witnessing a soldier killed by a rocket (if such event is verified) or on a fear of hostile military or terrorist activity. If the specific stressor event is corroborated and PTSD based on such stressor is not diagnosed examiner should identify the criteria for such diagnosis found lacking.

4. The AOJ should also arrange for a cardiovascular diseases examination of the Veteran to determine:

a. Whether or not he has ischemic heart disease. If ischemic heart disease is not diagnosed, the rationale must include comment on the notation of coronary artery disease that appears in a VA record.

b. The nature and etiology of any disability underlying the Veteran's heart arrhythmia (i.e., whether it is a manifestation of ischemic heart disease as was suggested). .

The examiner should include rationale with all opinions, citing to supporting clinical data and/or medical literature, as deemed appropriate.
5. The AOJ should then review the record and readjudicate the claims of service connection for a psychiatric disability to include PTSD and for ischemic heart disease. If either remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).